

# THE ATTORNEY GENERAL
## OF TEXAS

May 4, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable George Pierce
Chairman
Urban Affairs Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.   JM-687

Re:   Whether purchases made by
a housing authority under the
Consolidated Supply Program are
exempt from competitive bidding
requirements

Dear Representative Pierce:

Your letter requesting an opinion of this office asks:

> Under the terms of the Annual Contributions
> Contract (ACC) between the United States Depart-
> ment of Housing and Urban Development (HUD) and a
> housing authority, are purchases which a housing
> authority makes under the Consolidated Supply
> Program (CSP) exempted from the competitive
> bidding requirements of state law?

The same question was posed last year by the chairman of the
House Committee on Judiciary. It was answered in Attorney General
Opinion JM-573 (1986), where it was said:

> You inquire whether the competitive bidding
> requirements of the Department of Housing and
> Urban Development [HUD] for its Consolidated
> Supply Program [CSP] meet the bidding requirements
> of state law, thereby allowing municipal housing
> authorities to participate in the Consolidated
> Supply Program in lieu of seeking competitive
> bids. We conclude that participation in the CSP
> would not constitute compliance with the require-
> ments of competitive bidding specified in Texas
> statutes.

That opinion decided that housing authorities in Texas must
comply with Texas statutes governing competitive bidding, and that
purchases which could come within the federal Consolidated Supply
Program under the terms of an Annual Contributions Contract were not
exempted from the Texas requirements. See generally V.T.C.S. art.
1269k. We adhere to that view.

We have been again supplied — as we were in connection with
consideration of Attorney General Opinion JM-573 — with a portion of

the Annual Contributions Contract between the Department of Housing and Urban Development and the San Antonio Housing Authority [section 306, part 2]. It reads:

> (A)   In the purchasing of equipment, materials, and supplies, and in the award of contracts for services or for repairs, maintenance, and replacements, the Local Authority shall comply with all applicable State and local laws, and in any event shall make such purchases and award such contracts only to the lowest responsible bidder after advertising a sufficient time previously for proposals, except:
>
> (1) When the amount involved in any one case does not exceed $10,000; or
>
> (2) When the public exigencies require the immediate delivery of the articles or performance of service; or
>
> (3) When only one source of supply is available and the purchasing or contracting officer of the Local Authority shall so certify; or
>
> (4) The contract is for (a) professional, technical or other kinds of services, or (b) to be performed under Local Authority supervision and paid for on a time basis; or
>
> (5) The purchase is made under a consolidated supply contract entered into between HUD and the contractor pursuant to HUD regulations. (Emphasis added).

It has been suggested that subparagraph (A)(5) above specifically provides that purchases made under the Consolidated Supply Program fall within "the category of purchases that are specifically exempted from state law requirements." In our view, the import of the paragraph is somewhat different.

The initial words of paragraph A above establish two contractual requirements regarding procurements. First, housing authorities are contractually bound to "comply with all applicable State and local laws." Second, "in any event," they are required to award procurement contracts "only to the lowest responsible bidder" except in five specified situations. The subparagraph A(1) through A(5) exceptions are intended to modify only the contractual responsibility to award contracts to the lowest responsible bidder, not the contractual obligation to comply with all state and local laws -- which laws might

also statutorily require awards to be made only to the lowest responsible bidder.

Participation by housing authorities in the Consolidated Supply Program is not mandatory under federal law. The regulations promulgated by the office of the Assistant Secretary for Public and Indian Housing, Department of Housing and Urban Development, for the implementation of applicable sections of the United States Housing Act of 1937, as amended (see 42 U.S.C. §§1437-1437j) are found in chapter IX of Title 24 of the Code of Federal Regulations. Subpart G, thereof, deals with the Consolidated Supply Program. Section 965.601(a), under subpart G, states:

> Under the [Consolidated Supply Program], the Department of Housing and Urban Development (HUD) furnishes technical assistance to [Public Housing Agencies] in purchasing certain supplies, material, equipment, and services necessary in the development, operation and maintenance of low-income housing by entering into and administering contracts for the voluntary use of those agencies. (Emphasis added).

Again, the HUD Consolidated Supply Program Handbook (7460.9, dated 7/86) states on page 1-1:

> The use of the [Consolidated Supply Program] is voluntary and requires careful consideration in order to assure that the best product/services is purchased at minimum cost.

We do not believe the terms of the Annual Contributions Contract set out above have either the effect or the intent of superseding state laws requiring competitive bidding. Those provisions merely bind the housing authority contractually to employ purchasing safeguards and procedures as responsible as those set forth there in the absence of state law requiring more stringent procedures.

Participation, if any, by a housing authority in the Consolidated Supply Program is on a voluntary basis. Where the laws of Texas require competitive bidding instead, a housing authority is not free to participate in the federal program in lieu of following the Texas statutes because, in those situations, the legislature has deprived housing authorities of the power to voluntarily make that choice. However, there will be many situations where housing authorities may participate in the federal program in conjunction with the Texas statutes.

Under article 2368a, V.T.C.S., the Texas statute governing the procurement practices of Texas cities [and, thus, public housing authorities; see Attorney General Opinion Nos. JM-573 (1986); MW-132 (1980)] certain procurements are exempted from competitive bidding

requirements.  Among them, for cities with a population above 50,000, are contracts of procurement calling for an expenditure of $10,000 or less.  See V.T.C.S. art. 2368a, §§1, 2(a).

When procedures respecting particular procurements are not regulated by statutes (or, are otherwise exempted from state competitive bidding requirements), the contractual restraints imposed on public housing authorities by the Annual Contributions Contract with the federal government come into play.  In other words, housing authorities must first look to state law to determine what procurement practices they must follow.  If no state law decides the matter in a particular situation, they must then look for guidance to the contractual terms of the Annual Contributions Contract.  Often, particular procurements made under the Consolidated Supply Program will not conflict with Texas competitive bidding statutes.

We also note that when state competitive bidding statutes do apply, housing authorities are not precluded from giving Consolidated Supply Contractors an opportunity to participate as bidders on contracts to be let in that manner.  Section 965.603(e)(3) of Title 24 of the Code of Federal Regulations provides:

> If the [Public Housing Agency] invites competitive bids for procurement of a [Consolidated Supply Contract] item or proposes to negotiate for procurement of such an item, the [Consolidated Supply Contract] contractors shall be included in such invitations or negotiations.

We advise that purchases which a housing authority wishes to make under the Consolidated Supply Program administered by the federal government are not exempted by the terms of the authority's Annual Contributions Contract from the requirements of Texas law requiring competitive bids.

## S U M M A R Y

> Purchases which a housing authority wishes to make under the Consolidated Supply Program administered by the federal government are not exempted by the terms of the authority's Annual Contributions Contract with the Department of Housing and Urban Development from the requirements of Texas law requiring competitive bids.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General